UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 2:18-CV-14419-ROSENBERG/MAYNARD

GEICO MARINE INSURANCE
COMPANY, *et al.*,

    Plaintiffs,

v.

TREASURE COAST MARITIME,
INC., *doing business as* SEA TOW
TREASURE COAST, *et al.*,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION/PETITION TO ENFORCE ARBITRATION PROVISION

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Complaint and Motion/Petition to Enforce Arbitration Provision [DE 10]. The Court has carefully considered Defendants' Motion, Plaintiffs' Response [DE 18], and Defendants' Reply [DE 19, 20], and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.    BACKGROUND

Plaintiffs Geico Marine Insurance Company ("Geico Marine") and Paul Doughty commenced this matter for declaratory relief, which arises from a fire on Doughty's vessel in July 2018. DE 1. Plaintiffs seek a declaration that two, single-page U.S. Open Form Salvage Agreements ("contracts") that Doughty signed following the fire "are rescinded, void, voidable, unenforceable, and/or invalid" due to "fraud, mistake, misrepresentation, ambiguity, undue

duress and/or unconscionability." *Id.* The contracts provide for Defendant Sea Tow Treasure Coast ("Sea Tow") to conduct wreck removal and disposal for a cost of $70,000 and to conduct environmental response containment for a cost of $30,000. DE 1-3. Each contract contains the following provision:

> This Agreement shall be governed by and construed in accordance with the Federal Maritime Law of the United States. Any dispute arising out of this Agreement shall be referred to arbitration in the United States in accordance with the applicable Arbitration Rules of the Society of Maritime Arbitrators, Inc. The Arbitrator(s) shall be familiar with maritime salvage. Any award made hereunder may include interest, attorney's fees and costs, and shall be final and binding. For the purpose of enforcement the Award may be entered for judgment in any court of competent jurisdiction.

*Id.*

Plaintiffs allege that Captain Colby Schindel, Sea Tow's employee, stated after the fire that Sea Tow was the only company available to handle wreck removal and environmental cleanup, but that Geico Marine told Captain Schindel that Defendant TowBoatU.S. Fort Pierce ("TowBoatU.S.") had the right of first refusal for wreck removal and environmental cleanup. DE 1 at 3, 6-8, 10. "Captain Jason," TowBoatU.S.'s employee, then advised Doughty that TowBoatU.S. was working with Sea Tow to recover the vessel. *Id.* at 3, 8. Captain Schindel approached Doughty to sign the contracts. *Id.* at 8. Doughty signed the contracts "with the understanding [that] he was merely authorizing [Sea Tow] to take possession of the Vessel" and while he was in a "vulnerable condition" and "chaotic and delusional state" due to the fire. *Id.* at 9-11.

Defendants now move the Court to either dismiss or stay this case and to enforce the contracts' arbitration provisions. DE 10. They also seek attorney fees and costs for defending this case. *Id.* at 6.

## II. ANALYSIS

Under the Federal Arbitration Act, a

> written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This statute reflects a liberal federal policy favoring arbitration. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

An arbitration provision is severable from the remainder of the contract. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). A challenge to an arbitration agreement can be of two types: (1) a challenge specifically to the validity of the agreement to arbitrate, or (2) a challenge to the validity of the contract as a whole. *Id.* at 444. "[O]nly the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). A court may resolve a challenge to an arbitration provision itself, but a challenge to an entire contract must be considered by an arbitrator in the first instance. *Cardegna*, 546 U.S. at 445-49 (holding that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator," regardless of whether a successful challenge would render the contract void or voidable); *see also Jackson*, 561 U.S. at 70-71 (stating that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate" and that the law requires "the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene"); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (holding that a federal court

may adjudicate a claim of fraud in the inducement of an arbitration clause itself, but may not consider a claim of fraud in the inducement of the contract generally).

Here, Plaintiffs challenge the validity of the contracts as a whole and have presented no allegations or arguments relating specifically to the validity of the contracts' arbitration provisions. Plaintiffs instead ask this Court not to follow the wealth of Supreme Court caselaw providing that a challenge to a contract as a whole, when the contract contains an arbitration provision, must be submitted to an arbitrator. Plaintiffs argue that "it is difficult, if not impossible, to imagine any set of facts where the arbitration agreement itself could be specifically attacked as being fraudulently induced" and that "the pendulum has clearly swung too far" in favor of arbitration. DE 18 at 9-11.

This Court is bound to follow the existing Supreme Court precedent. *See Jaffree v. Wallace*, 705 F.2d 1526, 1532 (11th Cir. 1983) ("Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court."); *see also Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."). Consequently, this Court rejects Plaintiffs' request to disregard the principles that the Supreme Court has articulated in cases such as *Jackson*, *Cardegna*, and *Prima Paint*. Plaintiffs' challenge to the validity of the contracts as a whole must be submitted to an arbitrator in the first instance. *See, e.g.*, *Jackson*, 561 U.S. at 70-71; *Cardegna*, 546 U.S. at 445-49; *Prima Paint*, 388 U.S. at 403-04.

Plaintiffs also contend that this Court should not enforce the contracts' arbitration provisions because the allegations in the Complaint support a claim of fraud in the factum. DE 18 at 6-9. "[F]raud in the factum occurs when a party procures another party's signature to

4

an instrument without knowledge of its true nature or contents." *Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 994-95 (11th Cir. 2012) (quotation omitted) (distinguishing fraud in the factum from fraud in the inducement, which occurs when a party misrepresents a material fact concerning the subject matter of the transaction and the other party relies on that misrepresentation); *see also Fraud*, Black's Law Dictionary (10th ed. 2014) (distinguishing fraud in the factum, which occurs when the executed legal instrument differs from the one intended for execution, from fraud in the inducement, which occurs when a misrepresentation gives a party a false impression of the risks, duties, or obligations involved, and stating that "fraud in the factum occurs only rarely, as when a blind person signs a mortgage when misleadingly told that the paper is just a letter"). A successful fraud in the factum claim voids the contract, and a claim of fraud in the factum is not subject to resolution by arbitration. *Solymar Invs.*, 672 F.3d at 994-95 & n.13 (providing, as an example of fraud in the factum, a case where non-English-speaking plaintiffs signed a security agreement written in English after being told that it was an agreement to open a money market account); *see also Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 1000-01 (11th Cir. 1986) (concluding that a claim of fraud in the factum is not subject to resolution pursuant to an arbitration clause because, "[w]here misrepresentation of the character or essential terms of a proposed contract occurs, assent to the contract is impossible," such that "there is no contract at all").

However, a party's failure to read a contract will not support a claim of fraud in the factum. *Royal Ins. Co. of Am. v. BHRS, LLC*, 333 F. Supp. 2d 1293, 1297 (S.D. Fla. 2004) (noting that, had the contracting party "simply taken the time to even quickly read the document before signing it, he would have easily been able to ascertain the nature of the documents as well as the terms and conditions described therein"). "A person who executes a written document in

ignorance of its contents cannot plead ignorance in order to avoid the effect of the document." *Quality Foods, Inc. v. U.S. Fire Ins. Co.*, 715 F.2d 539, 542 (11th Cir. 1983); *see also Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained.").

Here, Plaintiffs allegations do not support a claim of fraud in the factum. Plaintiffs allege that Geico Marine told Captain Schindel of Sea Tow that TowBoatU.S. had the right of first refusal for wreck removal and environmental cleanup, and that Captain Jason of TowBoatU.S. then told Doughty that TowBoatU.S. was working with Sea Tow. DE 1 at 8, 10. Plaintiffs allege that Captain Schindel then approached Doughty to sign the contracts. *Id.* at 8. Plaintiffs have not alleged that either Defendant said anything to either Plaintiff about the contracts, much less anything that constituted a misrepresentation about the contracts' nature, contents, or terms. Plaintiffs also have not alleged that Doughty was incapable of reading the two, single-page contracts. The contracts explicitly state that the services to be performed by Sea Tow are wreck removal and disposal for a cost of $70,000 and environmental response containment for a cost of $30,000. *See* DE 1-3. A brief review of the contracts would have resolved any misunderstanding that Doughty had about the services that Sea Tow would be providing under the contracts.

Accordingly, this Court must enforce the contracts' arbitration provisions, and this matter must proceed to arbitration. A stay of this case, rather than dismissal, is appropriate. *See* 9 U.S.C. § 3 (providing for a case to be stayed if it is referable to arbitration under a written arbitration agreement); *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (stating that, under the language of § 3, a stay is mandatory for arbitrable issues). Finally, because the

6

contracts provide for the arbitrator to award attorney fees and costs, the issue of attorney fees and costs also should be submitted to the arbitrator in the first instance. *See* DE 1-3.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Complaint and Motion/Petition to Enforce Arbitration Provision [DE 10] is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant's Motion to enforce the arbitration provisions in the U.S. Open Form Salvage Agreements is **GRANTED**. The parties are directed to proceed with arbitration.

3. This case is **STAYED** pending an arbitration award. All pending motions are **DENIED AS MOOT**, all hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

4. Defendants' Motion for dismissal of the Complaint is **DENIED**.

5. The Clerk of Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of February, 2019.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

7